**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2019-19T4

WELLS FARGO BANK, N.A.,

 Plaintiff-Respondent,

v.

MICHAEL J. CARRANO
AND DEBRA CARRANO,

 Defendants-Appellants,

and

HOUSEHOLD FINANCE
CORPORATION, III; NEW
CENTURY FINANCIAL SERVICES,

 Defendants.

_____

Submitted November 18, 2020 – Decided December 30, 2020

Before Judges Accurso and Enright.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-025411-13.

Michael J. Carrano and Debra Carrano, appellants pro se.

Reed Smith LLP, attorneys for respondent (Henry F. Reichner, of counsel and on the brief).

PER CURIAM

In this residential mortgage foreclosure matter, defendants Michael J. Carrano and Debra Carrano appeal from a December 20, 2019 reconsideration order. We affirm, substantially for the reasons set forth in the well-reasoned opinion of Judge Joan Bedrin Murray.

Defendants purchased their home in Lyndhurst (the property) in 2005. In 2007, they refinanced the property and executed a note to AHM Mortgage in the sum of $289,493. To secure repayment, defendants executed a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for AHM Mortgage. The mortgage was assigned to plaintiff Wells Fargo Bank, N.A. in March 2009. Defendants entered into loan modification agreements twice before they defaulted on the loan in November 2010.

Plaintiff commenced its foreclosure action against defendants in July 2013. The following month, defendants filed an answer. While represented by counsel, they agreed to withdraw their answer and enter into a consent order with plaintiff in March 2014. The consent order allowed plaintiff to proceed on

an uncontested basis in the foreclosure action, in exchange for its agreement to delay seeking entry of final judgment. An uncontested final judgment for foreclosure was entered against defendants in July 2016.

Plaintiff arranged for the property to be sold at a sheriff's sale in May 2017. Defendants twice exercised their statutory right to an adjournment of the sale date. On the day finally set for the sale, defendants filed a Chapter 13 bankruptcy petition. Their bankruptcy action automatically stayed the sheriff's sale until the bankruptcy petition was dismissed. The sheriff's sale occurred on January 5, 2018, at which time, plaintiff submitted the winning bid.

Plaintiff sold the property to a third-party buyer (buyer), who recorded his deed in September 2019. The buyer filed a Special Civil Part action to eject defendants from the property. In response, defendants filed a motion with the Chancery Division under the foreclosure docket, entitled "Motion to Remove Action from the Civil Court Due to Incorrect Dollar Amount, Failure of Plaintiff to Prove Standing and Colorable Title."

Judge Murray treated defendants' motion as a motion to vacate the sale of the property to plaintiff. On November 12, 2019, the judge denied defendants' motion, finding it was untimely under Rule 4:65-5 because defendants did not object "within [ten] days after the sale [to plaintiff] or at any time thereafter

A-2019-19T4

before the delivery of the conveyance." R. 4:65-5. Additionally, Judge Murray considered defendants' various claims and concluded:

> The Chancery Division has the authority to set aside a sheriff's sale and order a resale of property on a discretionary basis. Crane V. Bielski, 15 N.J. 342, 346 (1954) . . . . However, a sheriff's sale should be set aside only in rare instances where it is necessary for compelling reasons to remedy a plain injustice. E. Jersey Sav. & Loan [Ass'n] v. Shatto, 226 N.J. Super. 473, 476 (Ch. Div. 1987) . . . . In an application to vacate a sale, the movant bears the burden of proof. Shatto, . . . 226 N.J. Super. at 479.
>
> . . . .
>
> In the instant matter, defendants have not set forth a reason to vacate the sheriff's sale. While defendants claim there were "multiple frauds" committed throughout the mortgage execution and foreclosure process, there is no proof advanced in this regard. Further, there are no showings of irregularities with the foreclosure sale process. Defendants used their statutory adjournments, demonstrating their understanding of the process and the scheduled sale. Moreover, there is no evidence of accident, surprise or mistake.

Additionally, Judge Murray found she had "no authority over the private sale between plaintiff and [its buyer, which] occurred over a year after the sheriff's sale. Defendants' right to object to the sheriff's sale expired over a year before they filed the instant motion."

4

Defendants moved for reconsideration of this decision. On December 20, 2019, Judge Murray denied the reconsideration motion, reasoning:

> defendants repeat allegations of fraud in the chain of assignments of the mortgage. They aver they were fraudulently deprived [of] information about other options when they executed the mortgage. They challenge the validity of the deed into the current owner . . . due to the manner in which plaintiff is named. As to all of these claims, they ask for permission to conduct discovery.
>
> In sum, defendants' arguments fall short in light of the facts. They withdrew their contesting answer more than five years ago, permitting the litigation to proceed uncontested. They had the opportunity to litigate the issues they now raise but chose not to. Also, defendants made no objections to plaintiff's motion for final judgment. Moreover, they received the mortgage proceeds in 2007 and defaulted just three years later. Yet, they have remained in the property for the past nine years without paying principal and interest, property taxes or hazard insurance.
>
> Now defendants seek to halt a separate action filed by [the buyer] to eject them from the premises by having the matter returned to the Chancery Division. The foreclosure matter, however, is concluded. The property has been sold to a third party. This court has no authority to remove the [buyer's] action.

On appeal, defendants argue the denial of their reconsideration motion was error because Judge Murray failed to consider "the illegal actions of the mortgagees and the entities that later allegedly transferred the two mortgages."

Additionally, defendants contend the judge overlooked the "illegal actions of Wells Fargo when they failed to honor the Federal requirement of a 'face-to-face' meeting." We are not persuaded.

A motion for reconsideration is not a chance to get "a second bite of the apple." Fusco v. Bd. of Educ. of City of Newark, 349 N.J. Super. 455, 463 (App. Div. 2002). Further, "[r]econsideration is a matter within the sound discretion of the court, to be exercised in the interest of justice." D'Atria v. D'Atria, 242 N.J. Super. 393, 401 (Ch. Div. 1990).

Reconsideration is appropriate in two circumstances: (1) when the court's decision is "based upon a palpably incorrect or irrational basis," or (2) when "it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria, 242 N.J. Super. at 401). When a litigant is dissatisfied with a court's decision, reconsideration is not appropriate; rather, the litigant should pursue an appeal. D'Atria, 242 N.J. Super. at 401. Nonetheless, a court, in the interest of justice, can consider new information a litigant brings to the court's attention, provided the litigant could not have produced the information in the first motion. Ibid. A motion for reconsideration is not "a vehicle to introduce new evidence in order to cure an

A-2019-19T4

inadequacy in the motion record." Capital Fin. Co. of Del. Valley v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008) (citing Cummings, 295 N.J. Super. at 384).

Guided by these standards, we are satisfied Judge Murray properly denied defendants' motion for reconsideration under Rule 4:49-2. Contrary to defendants' arguments, the record does not reflect Judge Murray based her November 12, 2019 decision "upon a palpably incorrect or irrational basis" nor did she fail to "consider or fail[] to appreciate the significance of probative, competent evidence." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010).

We add that the relief defendants sought before Judge Murray turned on whether the consent order they entered into in March 2014 should have been set aside, thereby permitting them to assert their substantive claims. However, it is axiomatic that "settlements will usually be honored 'absent compelling circumstances.'" Brundage v. Est. of Carambio, 195 N.J. 575, 601 (2008) (quoting Nolan v. Lee Ho, 120 N.J. 465, 472 (1990)). "Compelling circumstances include 'mutual mistake, undue haste, pressure or unseemly conduct in settlement negotiations.'" Smith v. Fireworks by Girone, Inc., 380 N.J. Super. 273, 291-92 (App. Div. 2005) (quoting AT&T Corp. v. Twp. of

A-2019-19T4

Morris, 19 N.J. Tax 319, 322 (2000)). The party seeking to set aside the settlement must adduce "clear and convincing proof" why he or she should be relieved of the terms in the settlement. Nolan, 120 N.J. at 472 (citing DeCaro v. DeCaro, 13 N.J. 36, 42 (1953)). As Judge Murray noted in her November 12, 2019 order, defendants failed to assert any compelling circumstances that justified relief. Moreover, in denying defendants' motion for reconsideration, the judge concluded defendants "failed to show a palpably incorrect basis for the court's denial of the underlying motion, nor do they demonstrate that the court acted in an arbitrary, capricious or unreasonable manner."

As defendants were represented by counsel when they executed the March 2014 consent order, and Judge Murray correctly applied the legal principles governing their reconsideration motion, we perceive no basis to second-guess the December 20, 2019 order. We have considered defendants' remaining arguments in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2019-19T4